# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**MADELINE COX ARLEO**
**UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING COURTHOUSE**
**50 WALNUT ST.**
**ROOM 2060**
**NEWARK, NJ 07101**
**973-297-4903**

March 17, 2009

Lawrence S. Lustberg, Esq.
Gibbons, DelDeo, Dolan, etc.
One Riverfront Plaza
Newark, NJ 07102-5496

Howard J. McCoach, DAG
Attorney General's Office
RJ Hughes Justice Complex, PO Box 112
Trenton, New Jersey 08625

Ruth Ann Lowenkron, Esq.
Education Law Center
155 Washington St., Suite 205
Newark, NJ 07102

Arsen Zartarian, Esq.
Newark Public Schools
2 Cedar Street
Newark, NJ 07102

## <u>LETTER ORDER</u>

Re:    **<u>M.A. v. Newark Public Schools, et al.</u>**
       **<u>Civil Action No. 01-3389 (SRC)</u>**

Dear Counsel:

Before me is the request of the state defendants to require plaintiffs to pay for copying costs for documents previously ordered to be produced by the Court. For the reasons set forth below, the state defendants' request is denied.

## <u>Background</u>

By way of background, plaintiffs are class representatives of thousands of children with disabilities and their parents who reside in the Newark public school district. The Complaint alleges violations for six plaintiff children's rights to special education services and demands declaratory, injunctive, and compensatory remedies under various federal and state education laws, including the

Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"); New Jersey Special Education Statute, N.J.S.A. 18A:46-1 et seq.; 42 U.S.C. §1983 and Art. VIII § 4,¶ 1 of the New Jersey Constitution.  Defendants include the City of Newark ("Newark defendants") and the State of New Jersey ("state defendants").

**This Dispute**

After a failed attempt to settle this case through a consent decree, it was determined that discovery should proceed.  Accordingly, following a conference on December 12, 2008, the Court entered a Discovery Order in anticipation of class certification motions.   Specifically, the Order provided that plaintiffs shall send defendants a letter requesting updates of previously produced documents by December 19, 2008, and defendants shall respond with such documents by January 26, 2009.  (December 15, 2008 Order, ¶1.)  With respect to the state defendants, this included, among other things, flow charts and other documents which consist of approximately 4,000 pages.

By letter dated February 3, 2009, the state defendants requested that plaintiffs pay duplication costs for the above documents.   The sole basis for the state defendants' request is FED. R. CIV. P. 34.

**Analysis**

Neither Rule 34 nor any other federal rule specifically addresses the issue of cost shifting in production of documents.   Federal Rule of Civil Procedure 26(b)(2)(iii), however, speaks to the Court's discretion in limiting the frequency or extent of discovery:

> [Whether] the burden or expenses of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Applying those factors, the Court is satisfied that the state defendants should bear the relatively minimal costs in copying the requested documents. Plainly, the amount in controversy and the issues at stake in this litigation – delivery of special education services to all children in Newark – is of utmost importance. While the Court is mindful that the requesting party is a government entity, it is equally mindful that the class plaintiffs are disabled and of limited financial means. Indeed, they are represented by the Education Law Center which, according to its website, provides "direct legal assistance to lower income children in disputes involving state and federal laws." Finally, no one disputes that the documents requested by plaintiffs are relevant and critical to the class certification motions to be filed with the Court.

This Court's finding is consistent with the analysis undertaken by the district court in Zubulake v. UBS Walberg LLC, 217 F.R.D. 309 (S.D.N.Y. 2003). There, the district court denied defendants' request to shift costs of electronic discovery to the plaintiff. The Court noted the general presumption that the responding party bear the expense associated with complying with discovery requests. Id. at 317 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978)). The Court reasoned:

> Courts must remember that cost-shifting may effectively end discovery, especially when private parties are engaged in litigation with large corporations. As large companies increasingly move to entirely paper free environments, the frequent use of cost-shifting will have the effect of crippling discovery in discrimination and retaliation cases. This will both undermine the 'strong public policy favor[ing] resolving disputes on their merits,' and may ultimately defer the filing of potentially meritorious claims.

Id. at 317-18 (quoting Pecarsky v. Galaxiworld.com, Inc., 249 F.3d 167, 172 (2d Cir. 2001)) (emphasis added).

The Court is satisfied that cost-shifting is not appropriate here. The issues at stake are significant. The discovery is important. Plaintiffs have limited resources. The burden on the state defendants is minimal. There is no showing of hardship. The state defendants shall pay the costs of complying with written discovery requests and produce the documents forthwith.

**SO ORDERED.**


*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**


cc:    Clerk
       Hon. Stanley R. Chesler, U.S.D.J.
       File