UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWARK PUBLIC SCHOOLS, et al.,<br><br>    Defendants. | Civil Action No. 01-3389 (SRC)<br><br>**ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the appeal by Defendant State of New Jersey ("Defendant") of the Letter Order (the "Letter Order") issued on March 17, 2009 by United States Magistrate Judge Madeline Cox Arleo, which denied Defendant's request that Plaintiff be required to pay certain copying costs related to production of documents in discovery. For the reasons stated below, the Magistrate Judge's Order will be affirmed.

Defendant contends that this Court reviews the Letter Order under a "clearly erroneous" standard, pursuant to L. Civ. R. 72.1(c)(1)(A). As Plaintiff argues, this overlooks this district's case law, which holds that district courts, when reviewing decisions about discovery disputes, apply the deferential "abuse of discretion" standard: "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998). In ruling on the dispute over which party should bear the costs of document production, Magistrate Judge Arleo was authorized to exercise her discretion. This Court reviews the Letter Order for an abuse of discretion.

In reply, Defendant concedes that a Magistrate Judge's decisions regarding discovery disputes are reviewed for abuse of discretion. Defendant contends, however, that, because Magistrate Judge Arleo "misinterpreted the law" in making her decision, review should be de novo.

Defendant's proposed exception, if accepted, would have the unfortunate effect of eliminating deferential review of the discovery decisions of Magistrate Judges. Parties are unlikely to appeal a Magistrate Judge's decision about a discovery dispute without arguing that the Magistrate Judge misinterpreted the law. It is not the appellant's argument that decides the standard of review; it is the nature of the action of the Magistrate Judge. If appellants could get less deferential review of discovery decisions by Magistrate Judges simply by arguing misinterpretation of law, it would become standard strategy and deferential review of discovery disputes would become a thing of the past.

Defendant does not contend that Magistrate Judge Arleo abused her discretion in entering the Letter Order. This Court is satisfied that Magistrate Judge Arleo did not abuse her discretion. Defendant's appeal will be denied, and the Letter Order will be affirmed. Therefore,

**IT IS** on this 14th day of April, 2009,

**ORDERED** that Defendant's appeal of Magistrate Judge Arleo's Letter Order issued on March 17, 2009 (Docket Entry No. 116) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Arleo's Letter Order issued on March 17, 2009 is hereby **AFFIRMED**.

  s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge